**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| JOSEPH NEWELL<br><br>                    Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK, INC. and NOVO NORDISK, A/S<br>                    Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. __27__ (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.       Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): ____Joseph Newell_____.

2.       If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.       If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.       If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.       Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        ✓    Novo Nordisk Inc.

        ✓    Novo Nordisk A/S

     _____ Eli Lilly and Company

     _____ Lilly USA, LLC

     _____ other(s) (identify): _____

2

**JURISDICTION AND VENUE**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Collins, Mississippi

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Mississippi

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Mississippi

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Collins, Mississippi

10.     Jurisdiction is based on:

    ✓    diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____    other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Southern District of Mississippi, Eastern Division

12.     Venue is proper in the District Court identified in Paragraph 11 because:

    ✓    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

✓    Ozempic (semaglutide)

_____    Wegovy (semaglutide)

_____    Rybelsus (oral semaglutide)

_____    Victoza (liraglutide)

_____    Saxenda (liraglutide)

_____    Trulicity (dulaglutide)

_____    Mounjaro (tirzepatide)

_____    Zepbound (tirzepatide)

_____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

October 2021 - June 2024

5

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

____✓____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

____✓____ Additional/Other(s) (specify): Severe, persistent nausea and vomiting, diarrhea, abdominal and epigastric pain, constipation and related conditions associated with Ozempic use requiring hospital and emergency department care

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

January 2024

6

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✓    Injury to self

_____ Injury to person represented

✓    Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

7

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____    Count I:    Failure to Warn – Negligence

_____    Count II:    Failure to Warn – Strict Liability

_____    Count III:    Breach of Express Warranty/Failure to Conform to Representations

_____    Count IV:    Breach of Implied Warranty

\_\_✓\_\_    Count V:    Fraudulent Concealment/Fraud by Omission

\_\_✓\_\_    Count VI:    Fraudulent/Intentional Misrepresentation

_____    Count VII:    Negligent Misrepresentation/Marketing

_____    Count VIII: Strict Product Liability Misrepresentation/Marketing

_____    Count IX:    Innocent Misrepresentation/Marketing

\_\_✓\_\_    Count X:    Unfair Trade Practices/Consumer Protection (see below)

_____    Count XI:    Negligence

_____    Count XII:    Negligent Undertaking

\_\_✓\_\_    Count XIII: State Product Liability Act (see below)

_____    Count XIV: Wrongful Death

_____    Count XV:    Loss of Consortium

_____    Count XVI: Survival Action

\_\_✓\_\_    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See Attachment "A" for Counts V & VI.

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:\*

      a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

         is/are bringing such claims:

         Mississippi Consumer Protection Act (MCPA), codified in Title 75, Chapter 24 of The

         Mississippi Code Annotated. Specifically, Miss. Code Ann. § 75-24-5(1), prohibits

         unfair or deceptive trade practices.

      b.   Identify the factual allegations supporting those claims (by subsection, if

         applicable):

         See Attachment "B"

         _____

         _____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

A Mississippi resident asserting a products liability claim must do so under (MPLA), codified at Miss. Code Ann.

§ 11-1-63. The MPLA applies to any action for damages caused by a product, including claims based on strict

liability in tort, negligence, and breach of implied warranty.

    b.    Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

       failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn- Negligence; Failure to Warn- Strict Liability; Breach of Express Warranty/ Failure to Conform to

Representations; Breach of Implied Warranty; Negligent Misrepresentation/ Marketing; Strict Product Liability

Misrepresentation/ Marketing; Innocent Misrepresentation/ Marketing; Negligence; Negligent Undertaking

    c.    Identify the factual allegations supporting those claims:

See pg. 173, et seq., of Master Complaint (Failure to Warn- Negligence); See pg. 184, et seq., of Master
Complaint (Failure to Warn- Strict Liability); See pg. 194, et seq., of Master Complaint (Breach of Express
Warranty/ Failure to Conform to Representations); See pg. 199, et seq., of Master Complaint (Breach of Implied
Warranty); See pg. 227, et seq., of Master Complaint (Negligent Misrepresentation/ Marketing); See pg. 232, et
seq., of Master Complaint (Strict Product Liability Misrepresentation/ Marketing); See pg. 238, et seq., of Master
Complaint (Innocent Misrepresentation/ Marketing); See pg. 245, et seq., of Master Complaint (Negligence); See
pg. 248, et seq., of Master Complaint (Negligent Undertaking).

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)?  n/a     . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

**Respectfully submitted by:**

Date: July 7, 2026

/s/ Betsy J. Barnes
Betsy J. Barnes (La. Bar No. 19473)
John C. Enochs (La. Bar No. 22774)
Mackenzi L. Saucier (LA Bar No. 40937)
Alex F. Connolly (MS Bar No. 101680)
**MORRIS BART, L.L.C.**
601 Poydras St. 24th Floor
New Orleans, LA 70130
Telephone: (504) 525-8000
Fax: (504) 599-3380
bbarnes@morrisbart.com
jenochs@morrisbart.com
msaucier@morrisbart.com
aconnolly@morrisbart.com
*Attorneys for Plaintiff*